IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEBBIE JOHNSON, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>MONTAGE NORTH AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**<br><br>Case No. 2:23-cv-00612-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Before the court is a partial motion to dismiss filed by Defendant Montage North America, LLC ("Defendant" or "Montage"). ECF No. 38 ("Def.'s Mot."). Plaintiff Debbie Johnson ("Plaintiff") alleges that Defendant violated the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA" or "the Act") by failing to provide reasonable accommodations for her disability. Defendant seeks to dismiss Plaintiff's ADA claim pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). For reasons set forth herein, Defendant's partial motion to dismiss is **GRANTED**.

## BACKGROUND

In 2020, Plaintiff's husband, Kirk Johnson ("Mr. Johnson"), purchased a condominium unit ("Unit 960" or "the Unit") at the Montage Hotel ("the Hotel") at Deer Valley Resort. The Hotel, which is operated by Defendant, is a mixed-use, luxury resort comprised of rooms, permanent residences, and shops. Unit 960 is part of the "Residences," which are privately-owned condominiums located on the upper six floors of the Hotel. Owners and guests of the Residences

are permitted to use the Hotel's services and amenities, including room and maid service, restaurants, bars, spas, shops, and lounges. The Hotel frequently hosts outdoor events—such as weddings, receptions, and parties—on the Hotel's patio and lawn areas. Unit 960 is immediately adjacent to the patio and lawn, and Plaintiff alleges that large speakers playing loud music were often pointed toward the Hotel and Unit 960.

These noisy outdoor events made living at the Hotel difficult for Plaintiff who, since November 2021, has suffered from a rare condition known as Ramsay Hunt Syndrome. The condition causes extreme sensitivity to sound. In May 2022, Plaintiff brought her condition to the attention of Montage employees. Plaintiff and her husband requested reasonable accommodations to relieve her from the noise of outdoor events held at the Hotel. Plaintiff requested that the speakers be pointed away from her residence, the speaker volume be lowered, or that she be granted access to the Residential Lounge or other less noisy areas of the Hotel. Nevertheless, Plaintiff alleges that Montage refused her requests and then retaliated against her by prohibiting her from communicating with staff and accessing the Hotel's amenities. Eventually, Mr. Johnson sold the Unit and Plaintiff no longer lives there as a result.

In September of 2023, Plaintiff filed this action against Montage alleging FHA and ADA violations as well as retaliation claims under those statutes. Montage then moved to dismiss Plaintiff's ADA claim under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1). But Defendant does not provide any argument under 12(b)(1). Therefore, the court will only consider whether to dismiss Plaintiff's action for failure to state a claim.

## LEGAL STANDARD

The court may dismiss any action that fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In evaluating a motion to dismiss under Rule 12(b)(6), the court

takes the plaintiff's well-pleaded facts as true, drawing all inferences in the plaintiff's favor. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006); *see also Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's [] complaint alone is legally sufficient to state a claim for which relief may be granted." (internal quotation marks omitted)). But the plaintiff must allege some facts, not just legal conclusions, to support that inference. *See Anupama Bekkem v. Wilkie*, 915 F.3d 1258, 1275 (10th Cir. 2019). "Pleadings that do not allow for at least a reasonable inference of the legally relevant facts are insufficient." *Id.*

## ANALYSIS

Defendant argues that Plaintiff's claim should be dismissed for failure to state a claim under the ADA. The Act provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations *of any place of public accommodation* by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (emphasis added). Here, Defendant contends that Unit 960 does not constitute a "place of public accommodation" and therefore is not covered under the ADA.

The Act defines "Public accommodation," as "an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor . . . ." *Id.* at § 12181(7)(A). "Facially, the statute does not include a private residence, such as a residential home or apartment." *Phibbs v. Am. Prop. Mgmt.*, 2008 U.S. Dist. LEXIS 21879, at *6-7 (D. Utah 2008). In construing the term "other place of lodging"

consistently with the prior terms "inn, hotel, motel," the court concludes that "other places of lodging" does not include long-term, private residences. *See id.* at *7. "Inns, hotels, and motels are most often occupied temporarily by short-term lodging customers and are not synonymous or even similar to apartments which are occupied by long-term permanent residents." *Id.* And the legislative history of the ADA confirms this interpretation. *See Regents of the Mercersburg College v. Rep. Franklin Ins. Co.*, 458 F.3d 159, 165 n.8 (3d Cir. 2006) ("[T]he legislative history of the ADA clarifies that the 'other place of lodging' does not include residential facilities . . ." (internal quotation marks omitted)).

Even where residential spaces are located within a public accommodation, district courts have held that the ADA does not apply to those spaces. *See Phibbs*, 2008 U.S. Dist. LEXIS 21879, at at *7; *see also Indep. Hous. Servs. v. Fillmore Ctr. Assocs.*, 840 F.Supp. 1328, 1344 (N.D. Cal 1993) ("The residential portions of Fillmore Center (the only portions at issue in this suit) do not themselves fall within the bounds of the ADA, since apartments and condominiums do not constitute public accommodations within the meaning of the Act."). "For example, a large hotel that has a residential apartment wing, the residential wing would be covered under the Fair Housing Act . . . rather than by [the ADA]. The non nonresidential accommodations in the rest of the hotel would be covered by [the ADA]." *Id.* (quoting ADA legislative history).

Here, it is undisputed that Unit 960 is located within the residential section of the Hotel. Therefore, Plaintiff would not be able to seek redress under the ADA in connection with her use of the Unit because it is not a "public accommodation," as defined by the Act. Plaintiff does not dispute this. Rather, she argues that her claims "directly address places of 'public accommodation' as defined by the ADA." ECF No. 39 ("Pl.'s Opp.") at 7.

Plaintiff points to the fact that owners and guests of the Residences have access to services that make up the public section of the Hotel. Pl.'s Opp. at 7. But Plaintiff's complaint does not allege Defendant's failure to accommodate her related to her enjoyment of these services. Nor does the complaint contain any factual allegation that she even used those public services. Rather, the complaint centers around her use of Unit 960 and Defendant's failure to accommodate her there. The complaint alleges that, despite numerous requests for a reasonable accommodation, "only once was a reasonable accommodation provided, and only after Plaintiff begged for relief when she was alone in Unit 960 and was in severe pain due to excessive noise from Montage outdoor events." ECF No. 2 ("Pl.'s Compl.") ¶ 8. Plaintiff further claims that "[w]hen Outdoor Events are held with amplified music or speaking, the speakers are placed pointing toward the Hotel building and Unit 960." *Id.* ¶ 87. These allegations relate to her use of Unit 960, which is not a "public accommodation" under the ADA.

Plaintiff also argues that she has alleged facts relating to her use of the Hotel's public accommodations. She points to paragraph 87 of her complaint which notes that the loud noise "permeated other public areas in the Hotel." *Id.* ¶ 87. But Plaintiff does not allege that she used those areas or that Defendant failed to provide her with a reasonable accommodation in connection with her use of the Hotel's public spaces. Plaintiff argues that the court may reasonably infer that she "requested Montage lower the volume so she could use the Hotel's public accommodations and not just Unit 960." Pl.'s Opp. at 8. But read in context, the sentence describing the noise as "permeat[ing] other public areas in the Hotel" serves to characterize the speakers' level of noise that she felt in Unit 960, not to demonstrate that she observed the loud noise in other areas of the Hotel. Thus, the facts alleged in the complaint are insufficient to support an inference that Plaintiff engaged in protected activity under the ADA.

The only other time Plaintiff mentions her use of the public accommodations is in paragraph 93 of the complaint where she concludes that the accommodations she requested from Defendant "were reasonably necessary to afford [her] equal opportunity to enjoy her dwelling, Unit 960, and the areas of public accommodation within the Hotel." But this is "just a legal conclusion—and a legal conclusion is never enough." *Anupama Bekkem*, 915 F.3d at 1275. Plaintiff has not plead any facts from which an inference may be made that Defendant discriminated against her in the full and equal enjoyment of any public goods or services at the Hotel. Her complaint does not allege that she even used the Hotel's public areas, only that the Hotel's public services were available to her as a resident. Because Plaintiff fails to make any factual allegation that Defendant discriminated against her "in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation," she has failed to state a claim under which relief may be granted.

Plaintiff's ADA claim fails as a matter of law. Thus, Plaintiff's claim for retaliation under the Act also fails as Plaintiff failed to allege that she engaged in any ADA protected activity. *See Phibbs*, 2008 U.S. Dist. LEXIS 21879, at *8 ("To establish a prima facie case of retaliation Plaintiffs must show that: (1) they engaged in an activity protected by the ADA; (2) they were subject to an adverse action; and (3) there was a causal connection between the protected activity and the adverse action."). Therefore, the court must dismiss Plaintiff's ADA claims under Rule 12(b)(6).

## CONCLUSION AND ORDER

For the reasons above, the court **GRANTS** Defendant's Partial Motion to Dismiss. Plaintiff's claims under the Americans with Disabilities Act are dismissed without prejudice.

DATED March 3, 2025

BY THE COURT

_____
Jill N. Parrish

United States District Court Judge